IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL MYLES | § | |
| v. | § | CIVIL ACTION NO. 6:07cv338 |
| TDCJ-CID, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Michael Myles, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights.  This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Myles complained of the medical care which he received while in TDCJ-CID.  He says that the Defendants have failed to provide him with orthopedic footwear and that a bullet shattered his left ankle.  He says that he arrived in the prison with orthopedic footwear but had to send it home, but replacement footwear was denied because he was not an AIDS or diabetic patient.  Without the footwear, he says, he suffers severe pain in his ankle when he stands or walks.

The Magistrate Judge ordered the Texas prison officials to provide records concerning Myles' claims.  See Parker v. Carpenter, 978 F.2d 190, 191-92 n2 (5th Cir.1992); accord, Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986).  Such records are known as a Martinez Report, after the Tenth Circuit's decision in Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978), *cited with approval in* Parker and Cay.  The Martinez Report was filed on February 21, 2008, and a copy was furnished to Myles, who filed a response on April 3, 2008.

The Report showed that Myles had extensive medical records, comprising some 800 pages. The Magistrate Judge reviewed these records in considerable detail. This review showed that although Myles asserts that a bullet had shattered his left ankle, only one of the many sick call requests which Myles submitted refers in any way to such an injury, and even this request simply refers to a gunshot wound in the ankle, not to the ankle being "shattered." Most of his complaints concern his right ankle and not his left one. He referred to a left ankle injury in November of 2005, during a visit to the physician's assistant, and then again in a sick call request in January of 2006. He was given an ankle sleeve and made no other complaints about his ankles or knees until June of 2006. He was also seen walking about without apparent difficulty on a number of occasions, even when he did not have a sleeve or other ankle assistance.

The Magistrate Judge then reviewed Fifth Circuit authority on deliberate indifference. The case law makes clear that deliberate indifference is "an extremely high standard to meet" and requires a showing that prison officials "refused to see him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical need." *See* Domino v. TDCJ-ID, et al., 239 F.3d 752, 756 (5th Cir. 2001). In applying this standard to the case, the Magistrate Judge concluded that Myles had failed to show that he was the victim of deliberate indifference to his serious medical needs, and recommended that the lawsuit be dismissed.

Myles filed objections to the Magistrate Judge's Report on June 2, 2008. In his objections, Myles says that the Magistrate Judge did not address his contention that some records were missing and that he was hindered from filing a detailed response because prison officials would not allow him to review his medical records. As noted above, however, Myles was furnished with a copy of the Martinez report. He also says that the Magistrate Judge did not address the issues which he raised in his response to the Martinez Report and does not address the issue of Myles requiring assistance from other prisoners to file documents on his behalf, indicating that appointment of counsel would have been appropriate.

The issue in the lawsuit concerned whether or not prison officials were deliberately indifferent to Myles' serious medical needs. Even Myles' response to the Martinez Report concedes that he has received pain medication, ankle sleeves, work lay-ins, and crutches, as well as medical restrictions. As the Magistrate Judge stated, Myles' complaint is in effect that the treatment which he has received has not been as effective as he would like, which simply does not set out a basis for Section 1983 liability. In addition, Myles has not shown that appointment of counsel is justified under the circumstances of this case. *See* Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). His objections are without merit.

The Court has conducted a careful *de novo* review of all of the documents in this cause, including the Plaintiff's complaint and pleadings, the Martinez Report, the Plaintiff's response thereto, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous. It is further

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

**So ORDERED and SIGNED this 10th day of June, 2008.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**